IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LUZ MEJIA, Individually and on Behalf of the Estate of her son, Mauricio Carvajal, | § § § | |
| Plaintiff, | § § | |
| V. | § § | 1-15-CV-333  RP |
| BUREAU VERITAS CONSUMER PRODUCTS SERVICE (INDIA) PRIVATE LIMITED, | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court are Defendant Bureau Veritas Consumer Product Services (India) Private Limited's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5), filed May 7, 2015 (Clerk's Dkt. #9); Plaintiff's Voluntary Motion to Dismiss Without Prejudice, or In the Alternative, Plaintiff's Motion for Leave to Reopen Briefing Period Regarding Defendant's Motion to Dismiss for Lack of Jurisdiction and for Insufficient Service of Process, filed June 16, 2015 (Clerk's Dkt. #13), and the responsive pleadings thereto.  After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I.  BACKGROUND

Plaintiff Luz Mejia filed this action on December 2, 2014 in Texas state court.  She named as sole defendant Bureau Veritas Consumer Product Services (India) Private Limited ("BV India").  Defendant removed the action to this court on April 27, 2015.

Plaintiff brings this suit on behalf of herself and the estate of her son.  Her son suffered burns on April 14, 2013, which resulted in his death on August 20, 2013, when a torch he was moving exploded without warning.  According to Plaintiff, the torch was sold by Big Lots and was manufactured by DesignCo as the "Mosaic Torch."  Plaintiff asserts Big Lots and DesignCo were aware of design and labeling defects of the Mosaic Torch related to the wick mechanism and

appropriate type of fuel.  (Plf. Orig. Pet. ¶¶ 4.1-4.2, 4.5-4.11, 4.32-38).

Plaintiff alleges BV India, and its sister corporation Bureau Veritas Consumer Products Services, Inc. ("BVCPS"), provide safety testing and legal compliance services for products imported into the United States.  According to Plaintiff, BV India and BVCPS are wholly-owned subsidiaries of Bureau Veritas, S.A. ("BVSA") and Bureau Veritas Holdings, Inc. ("BV Holdings). Plaintiff states BV India, BVCPS, BVSA and BV Holdings collectively share management structures, profits and work, irrespective of corporate formalities, and function as a single corporate entity.  (*Id*. ¶¶ 4.3-4.4, 4.13).

Plaintiff further alleges Big Lots and DesignCo contracted with BVCPS and BV India for product safety testing of the Mosaic Torch, and the testing was done by BV India.  According to Plaintiff, the testing was wholly inadequate, as it was not performed on a torch identical to the Mosaic Torch, and did not test for structural integrity, spill and leak hazards, wick assembly construction, venting of vapors, or by using the type of fuel intended for sale with the torch.  BVCPS and BV India nonetheless forwarded a report to Big Lots and DesignCo, giving a passing inspection to the Mosaic Torch.  Based on that report, Big Lots purchased the Mosaic Torch product from DesignCo for resale to consumers.  (*Id*. ¶¶ 4.12, 4.15-4.20).

Plaintiff claims BV India is vicariously liable for the death of her son under theories of respondeat superior and joint enterprise,  Plaintiff asserts claims of negligence and gross negligence, based on BV India's inadequate testing.  She seeks actual and exemplary damages.

Defendant BV India has now moved to dismiss Plaintiff's claims, arguing this Court lacks personal jurisdiction over it.[1]  In response, Plaintiff filed a motion asking the Court to dismiss her claims, but only on the condition that the statute of limitations be tolled to permit her to file her

---

[1] Defendant also moves to dismiss on the ground Plaintiff has failed to properly serve BV India.  Because the Court concludes Plaintiff has failed to show BV India is subject to personal jurisdiction, Defendant's challenge to service of process need not be addressed.

2

lawsuit in an alternative venue.

## II.  MOTION TO DISMISS

In lieu of a response addressing Defendant's personal jurisdiction and inadequate service contentions, Plaintiff filed a motion asking the Court to dismiss her claims without prejudice. Plaintiff's request, however, is contingent on the condition that the statute of limitations be tolled so as to permit her to re-file this action in an alternative venue.

A plaintiff is generally permitted to voluntarily dismiss her claims at the early stages of a lawsuit without a court order.  FED. R. CIV. P. 4(a)(1).  Because Plaintiff seeks to condition dismissal of her claims, her action may be dismissed "only by court order, on terms that the court considers proper."  FED. R. CIV. P. 4(a)(2).

As a general rule, "motions for voluntarily dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."  *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).  Plaintiff contends the only prejudice Defendant faces by dismissal of her action is the prospect of a second lawsuit, and thus her request should be granted.  However, she also seeks to place conditions on her dismissal, and the Fifth Circuit has recognized "[t]he purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case." *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).  *See Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604–05 (5th Cir. 1976) ("in ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant").

Defendant argues this Court lacks authority to grant Plaintiff the relief she is requesting, and cites cases it suggests establish that proposition.  Plaintiff disagrees, and correctly distinguishes the cases cited by Defendant.  However, neither party addresses another aspect of the propriety

of granting Plaintiff the relief she seeks.  That is, because Defendant argues this Court lacks personal jurisdiction over it, whether this Court has the authority to order the relief Plaintiff seeks.

The Court need not resolve that issue because Plaintiff has not shown she should be granted the relief she seeks.  Prior to filing this action, on June 11, 2013, Plaintiff filed a lawsuit in our sister court in San Antonio, Cause No. 5-13-CV-504 ("*Mejia I*").  In *Mejia 1*, Plaintiff raised virtually identical claims to those raised here, originally against Big Lots as the sole defendant.  By September 6, 2013, she had also named BVCPS and DesignCo as defendants.  The parties thereafter engaged in substantial discovery, including a voluntary deposition of a corporate representative of BV India.  (Def. Mot. to Dism. Blumenfeld Decl. ¶¶ 2-3).  In October 2014, Plaintiff sought leave to also name BV India as a defendant in *Mejia I*.  Her motion was denied three days later.

While Plaintiff concedes she has been engaged in protracted litigation concerning this dispute, she suggests the jurisdictional issue raised by BV India is novel to her.  Plaintiff also suggests, had BV India not delayed responding to her suit, the two year statute of limitations would not have expired on her claim, and she would have been able to seek relief timely in an alternative venue where BV India would be subject to personal jurisdiction.

Neither argument is sufficient.  Plaintiff was afforded significant opportunity to obtain facts concerning the corporate structure of BV India and its parent company, and their presence in Texas.  In her original petition Plaintiff identifies BV India as a foreign corporation with its principal office in Delhi, India.  Her suggestion of surprise that BV India might challenge whether this court has personal jurisdiction over it is simply not credible.

Nor is Plaintiff's attempt to cast blame on BV India for delay well taken.  According to Plaintiff, she "promptly" began attempting to serve process on BV India pursuant to the Hague Convention after filing suit in state court.  However, she also indicates in her motion, filed June 16, 2015, that she is still "in the process" of that service.  (Plf. Mot. at 5 n.3).

4

The record also reflects Plaintiff herself bears some responsibility for delay.   It is clear from a February 4, 2014 deposition conducted by Plaintiff and cited in her reply, that Plaintiff was well aware BV India had conducted the testing that forms the basis of her claim here.  (Plf. Reply at 4).  She did not, however, attempt to name BV India as a party in *Mejia 1* until some eight months later.  And Plaintiff waited two additional months in filing this lawsuit after her attempt was denied.

Finally, the request Plaintiff makes is wholly one-sided in nature.  She asks this Court to toll the statute of limitations for 120 days to permit her to file suit in an alternative forum.  While Defendant objects, BV India alternatively suggests dismissal be conditioned on payment of its fees and costs in litigating this action.  Not surprisingly, Plaintiff objects to that solution, characterizing the request as "shameful."  (Plf. Reply ¶ 5).  Such a characterization is at odds with Fifth Circuit's precedence recognizing "[m]ost often, the courts require plaintiffs to bear the attorneys' fees and costs of the dismissed defendant" in granting voluntary dismissal.  *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990).[2]

Accordingly, the Court finds Plaintiff has not shown voluntary dismissal of this case, on the condition limitations be tolled, is warranted.  Her alternative request for additional time to address the merits of Defendant's motion to dismiss will be addressed below, at the conclusion of discussion of Defendant's challenge to personal jurisdiction..

### III.  PERSONAL JURISDICTION

**A.    Applicable Law**

A court must consider both constitutional issues as well as the applicable statutes in resolving the issue of personal jurisdiction.  Thus, the Court must consider whether: (1) the Texas long-arm statute creates personal jurisdiction over the defendant; and (2) the exercise of personal

---

[2] It is additionally worth noting that Plaintiff suggests tolling of the limitations period may be unnecessary as both Texas and Ohio afford litigants a tolling period for refiling of actions dismissed for lack of jurisdiction.  (Plf. Reply ¶¶ 13-15).

jurisdiction is consistent with the due process guarantees of the United States Constitution. *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002). The Texas long-arm statute, which authorizes the exercise of jurisdiction over a nonresident defendant who does business in Texas, extends to the limits of due process. *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 716 (5th Cir. 1999); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999). Accordingly, only the due process prong of the inquiry must be addressed. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945); *Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir. 1994). These "minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984); *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). Specific jurisdiction exists when the contacts with the forum state arise from, or are directly related to, the cause of action. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985) (jurisdiction appropriate where activities "purposefully directed" at residents of forum state and litigation arises out of or relates to those activities); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).

If a nonresident defendant has sufficient minimum contacts with the forum state, the court must then consider whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033 (1987); *Wilson,* 20 F.3d at 647. This inquiry focuses on several factors, including: (1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the

6

interest of the plaintiff in securing relief; (4) the interest of the judicial system in obtaining the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies. *Asahi Metal,* 480 U.S. at 113, 107 S. Ct. at 1033; *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 630 (5th Cir. 1999).   The plaintiff bears the burden of alleging facts in the complaint and affidavits sufficient to establish personal jurisdiction over a nonresident defendant.   *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999); *Caldwell v. Palmetto State Savs. Bank*, 811 F.2d 916, 917 (5th Cir. 1987).

**B.      Contacts With Forum State**

In her original state court petition, Plaintiff identifies BV India as a foreign corporation with a home office located in Delhi, India.  She alleges BV India "does business in a systematic and continuous manner throughout the State of Texas and Travis County, Texas."  (Plf. Orig. Pet. ¶ 2.3).  As set forth above, Plaintiff further alleges product testing of the torch which resulted in her son's death was done by BV India, but she does not allege where the testing was performed.  (*Id.* ¶¶ 4.16-4.19).

BV India has attached several declarations as exhibits to its motion to dismiss as evidence regarding its contacts with Texas.  Specifically, Paromita Roy ("Roy"), BV India's Country Director, states BV India is a company formed under the laws of the Republic of India, and is headquartered in India.  (Decl. of Roy ¶ 2).  Roy further states BV India does not maintain any physical presence, own or lease any real property, hold any bank accounts or maintain an office in Texas.  (*Id*. ¶ 4).  Nor does BV India employ any individual in Texas, nor are any Texas residents on BV India's payroll.  (*Id*.).  In addition, Roy states BV India does not conduct or transact any business in Texas, and does not do any laboratory testing in Texas.  (*Id*. ¶¶ 5-7).

**C.      Discussion**

As noted above, general jurisdiction exists when a non-resident defendant's contacts with

the forum state are "substantial, continuous, and systematic."  *Johnston v. Multidata Sys. Int'l. Corp*.  523 F.3d 602, 609 (5th Cir. 2008) (citing *Helicopteros*, 466 U.S. at 414–19, 104 S. Ct. at 1872-74); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003).  The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."  *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001).  The Fifth Circuit has recognized "even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction."  *Revell*, 317 F.3d at 471.  "Random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction."  *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 312 (5th Cir. 2007).

The Court has little trouble concluding Plaintiff has fallen short of establishing the sort of continuous and systematic contacts necessary to support general jurisdiction.  In her petition, she asserts BV India "does business in a systematic and continuous manner" in Texas.  However, Plaintiff points to no evidence which supports that assertion.  In contrast, BV India has presented affidavit testimony thoroughly rebutting Plaintiff's assertion of any contacts with, or business conducted in, Texas.  Accordingly, the Court will turn to the issue of specific jurisdiction.

The Fifth Circuit has adopted a three-step analysis for the specific jurisdiction inquiry: (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.  *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002).

The Court need address only the first two aspects because , once again, Plaintiff has failed to identify specific contacts with Texas by BV India.  In her petition, she makes clear the actual

8

marketing and sale of the torch which led to her son's death was done by Big Lots.  (Plf. Orig. Pet. ¶¶ 4.21-4.22).  The only specfic conduct on the part of BV India identified by Plaintiff is the testing of the Mosaic Torch.  But the uncontroverted evidence establshes BV India does not do any testing in Texas.  (Roy Decl. ¶ 5).  And Plaintiff has alleged the test report was forwarded to Big Lots and DesignCo, which are located in Ohio and India, respectively.  (Plf. 2nd Am. Compl. *Mejia 1*).  Accordingly, Plaintiff has failed to provide evidence that BV India had contacts with Texas related to her claims.  *See McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (exercise of specific jurisdiction limited to suit arising out of or related to defendant's contacts with forum).

The Court notes that, in her reply, Plaintiff suggests BV India should be subject to personal jurisdiction based on her theory of vicarious liability for the conduct of BVCPS, BVSA and BV Holdings.  The Fifth Circuit has explained, as a general rule, personal jurisdiction over a nonresident corporation may not be based solely on the contacts with the forum state of another affiliated corporate entity with which the defendant may be affiliated.  *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004).  The rule may be rebutted "by clear evidence, which requires a showing of something beyond the mere existence of a corporate relationship between a resident and nonresident entity."  *Id.*  The Fifth Circuit identified five non-exhaustive factors for determining whether a plaintiff asserting personal jurisdiction has overcome the presumption of corporate separateness: (1) the amount of stock owned by the parent of the subsidiary; (2) whether the entities have separate headquarters, directors, and officers; (3) whether corporate formalities are observed; (4) whether the entities maintain separate accounting systems; and (5) whether the parent corporation exercises complete control over the subsidiary's general policies or daily activities.  *Id*. (citing *Hargrave v. Fibreboard Corp*., 710 F.2d 1154, 1160 (5th Cir. 1983).

Plaintiff asserts generally that BV Holdings and its subsidiaries "disregard any distinction in reality between their various corporate structures, using monies earned by one entity (here, BV

India) to fund sister operations, confirming that the distinctions between the two are all but entirely fictitious in nature."  (Plf. Reply ¶ 8).[3]  The only evidence Plaintiff cites in support of her assertion is testimony from a BVCPS employees indicating BVCPS is somehow indirectly compensated when testing services are performed by BV India.  (*Id.* ¶ 9).

Plaintiff's citation in no way constitutes the "clear evidence" required to rebut the "presumption of institutional independence of related corporate entities."  *Freudensprung*, 379 F.3d at 346 .  *See Dalton v. R & W Marine, Inc*., 897 F.2d 1359, 1363 (5th Cir. 1990) (no attribution of contacts where parent owns 100% of subsidiaries, is responsible for general policy, subsidiaries funnel revenues into centralized bank accounts and file consolidated federal tax return with parent and parent offers benefit plans to its subsidiaries' employees, as parent also observes corporate formalities, makes its subsidiaries responsible for daily operations including all personnel decisions, and allows each subsidiary to keep its records and accounts in separate books and file its own state tax return); *Stuart v. Spadesman*, 772 F.2d 1185, 1198 (5th Cir. 1985) (evidence consisting of ads that did not clearly distinguish between individual and corporation, individual use of corporate letterhead and checks, and allegations that individual benefitted from the corporation's contacts with Texas, showed "blurring of the distinction" between the actions of individual and corporation, but did not demonstrate corporation was facade for individual's interests sufficient to impute jurisdictional contacts); *Akerblom v. Ezra Holdings Ltd.*, 2012, WL 253376, at *14-15  (S.D. Tex Jan. 25, 2012) (plaintiff's affidavit testimony that two defendants "control all of the day-to-day activities of the various subsidiaries, including payroll, human resources, and overall decision making" did not constitute "clear evidence" of something more than mere corporate relationship

---

[3] Plaintiff also intimates that, because BVCPS did not contest personal jurisdiction in *Mejia 1*, BV India is barred from doing so as well.  But, personal jurisdiction can of course be waived.  *See PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460 (5th Cir. 2001) (discussing waiver of objection to personal jurisdiction by conduct).  The waiver by one corporate entity is, however, only properly imputed to a separate corporate entity if it is a successor to, or alter ego of, the first corporate entity.  *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 654 (5th Cir. 2002).  As discussed hereing, Plaintiff here has not established such a relationship between BVCPS and BV India.

between defendant and its subsidiaries).   Plaintiff's theory of vicarious liability in analyzing the question of personal jurisdiction is, therefore, unavailing.   Accordingly, the Court finds Plaintiff has failed to establish sufficient contacts with Texas to support the exercise of personal jurisdiction over BV India.

As a final matter, as noted above, in lieu of filing a substantive response addressing the merits of BV India's jurisdictional challenge, Plaintiff sought to dismiss her case and alternatively asked the Court to reopen the briefing period on Defendant's motion and grant her additional time to prepare a response.   The Court has already addressed, and rejected, Plaintiff's motion to dismiss.

As to her request for additional time, Plaintiff states she has provided good cause for her request because she "believes she has met and surpassed the requirements for this Court to grant a dismissal without prejudice"  (Plf. Mot. ¶ 25).   *See* FED. R. CIV. P. 6(b) (requiring showing of good cause for extension of time).   The Court has already made its disagreement with this conclusion clear.

Plaintiff's only other explanation for her failure to provide a substantive response was that she sough to avoid "the significant resources that she would be required to expend"  to provide such a response.   (*Id*.).   The Court notes Plaintiff's argument fails to consider the significant resources BV India was required to expend to file its motion.   It is also worth noting that BV India filed its motion on May 7, 2015.   Plaintiff sought, and was granted, three extensions of time to file her response.   Nonetheless, in lieu of filing a response, on June 16, 2015 she essentially sought yet another extension of time.   The Court has little trouble concluding Plaintiff has failed to show the requisite "good cause" for her request for yet more time.

## IV.  CONCLUSION

The Court hereby **DENIES** Plaintiff's Voluntary Motion to Dismiss Without Prejudice, or In

the Alternative, Plaintiff's Motion for Leave to Reopen Briefing Period Regarding Defendant's

Motion to Dismiss for Lack of Jurisdiction and for Insufficient Service of Process (Clerk's Dkt. #13)

and **GRANTS** Defendant Bureau Veritas Consumer Product Services (India) Private Limited's

Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5) (Clerk's Dkt. #9).

       **SIGNED** on July 29, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE